# EXHIBIT 1

Electronically Filed
9/4/2020 1:37 PM
Steven D. Grierson
CLERK OF THE COURT

1   **COMP**
BRADLEY S. MAINOR, ESQ.

2   Nevada Bar No. 7434
JOSEPH J. WIRTH, ESQ.

3   Nevada Bar No. 1020
ASH MARIE GANIER, ESQ.

4   Nevada Bar No. 14712
TAELOR S. EVANS, ESQ.

5   Nevada Bar No. 14704

6   **MAINOR WIRTH, LLP**
6018 S. Fort Apache Road, Ste. 150

7   Las Vegas, NV 89148-5652
Tel: (702) 464-5000

8   Fax: (702) 463-4440

9   ash@mwinjury.com
taelor@mwinjury.com

10   *Counsel for Plaintiff*

CASE NO: A-20-820730-C
Department 28

11                          **DISTRICT COURT**

12                  **CLARK COUNTY, NEVADA**

13   JOAN O'CONNELL, individually,          CASE NO.:
                                             DEPT. NO.:
14          Plaintiff,

15   vs.

16   99 CENTS ONLY STORES, LLC, a Foreign    **PLAINTIFF'S COMPLAINT AND**
     Limited- Liability Company; DOE EMPLOYEE, **DEMAND FOR JURY TRIAL**
17   individually; DOE MANAGER, individually;
     DOES I-XX, inclusive; and ROE
18   CORPORATIONS, I-XX, inclusive,

19
            Defendants.
20

21
            COME NOW Plaintiff, JOAN O'CONNELL, by and through her attorneys, BRADLEY S.
22
     MAINOR, ESQ., JOSEPH J. WIRTH, ESQ., ASH MARIE GANIER, ESQ. and TAELOR S.
23
     EVANS, ESQ. of the law firm of MAINOR WIRTH, and for her claims for relief against
24
     Defendants, and each of them, alleges as follows:
25
     . . .
26
     . . .
27

28

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

                          Page 1 of 9

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

**I.**

**PARTIES AND JURISDICTION**

1.    Plaintiff, JOAN O'CONNELL, is, and at all relevant times herein, was a resident of Clark County, State of Nevada.

2.    Plaintiff is informed and believes, and thereupon alleges, that Defendant 99 CENTS ONLY STORES, LLC., is, and at all relevant times herein was, a foreign limited liability company duly licensed and doing business in Clark County, State of Nevada.

3.    Plaintiff is informed and believes, and thereupon alleges, that Defendant DOE EMPLOYEE is, and at all relevant times herein, was a resident of the County of Clark, State of Nevada. Upon information and belief, DOE EMPLOYEE was acting in the course and scope of his/her employment with Defendant 99 CENTS STORES, LLC, with job duties and responsibilities that included, but were not limited to: cleaning, maintaining, and stocking the area where Plaintiff slipped and fell and stocking item(s) on which Plaintiff inadvertently stepped; and staying reasonably and adequately informed and updated about Defendant 99 CENTS STORES, LLC's safety measures and precautions, as well as any ongoing actual and potential hazards in and around the area where Plaintiff fell, in order to promptly address and remedy any debris and hazards that could cause injury. Defendant DOE EMPLOYEE held this position and these job duties and responsibilities with the knowledge and consent at the direction of Defendant 99 CENT STORES, LLC at the time of the event leading to Plaintiff's injuries, so that Defendant 99 CENT STORES, LLC is vicariously liable for Defendant DOE EMPLOYEE's actions and omissions at all relevant times under the doctrine of respondeat superior.

4.    Plaintiff is informed and believes, and thereupon alleges, that Defendant DOE MANAGER is, and at all relevant times herein, was a resident of the County of Clark, State of Nevada. Upon information and belief, DOE MANAGER was acting in the course and scope of his/her employment with Defendant 99 CENTS STORES, LLC, with job duties and responsibilities that included, but were not limited to: being an assistant manager, department manager, and/or other type of supervising/managing employee or agent of Defendant 99 CENTS

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

1   STORES, LLC; cleaning, maintaining, and stocking the area of 99 CENTS STORES, LLC

2   assigned to him/her, which included the area where Plaintiff slipped and fell; stocking and/or

3   displaying the item(s) on which Plaintiff inadvertently stepped; overseeing, supervising, and

4   providing training and/or direction to Defendant 99 CENT STORES, LLC's employees in the

5   subject area to ensure that employees were performing their job duties and responsibilities as to

6   cleaning, sweeps, maintenance, stocking products, and other duties in an appropriate, reasonable,

7   and safe manner for 99 CENTS STORES, LLC's customers and the employees themselves;

8   enforcing and ensuring compliance with Defendant 99 CENT STORES, LLC's policies and

9   procedures regarding cleaning, maintenances, sweeps, stocking products, and safety measures and

10  precautions in and around the area where Plaintiff slipped and fell, as well as disciplining

11  employees for non-compliance and violations of Defendant 99 CENT STORES, LLC's policies

12  and procedures, and for not performing job duties and responsibilities; assigning a reasonable and

13  adequate number of employees to keep the area where Plaintiff fell in clean, stocked, and safely

14  maintained; staying reasonably and adequately informed and updated about Defendant 99 CENTS

15  STORES, LLC's safety measures and precautions, as well as any ongoing actual and potential

16  hazards in and around the area where Plaintiff fell, in order to promptly address and remedy any

17  debris and hazards that could cause injury; and performing this job position, duties and

18  responsibilities, *infra*, with the knowledge and consent and at the direction of Defendant 99

19  CENTS STORES, LLC at the time of the event leading to Plaintiff's injuries, so that Defendant 99

20  CENTS STORES, LLC is vicariously liable for DOE MANAGER's actions and omissions at all

21  times under the doctrine of respondeat superior.

22       5.     That the true names and capacities, whether individual, corporate, associates, co-

23  partnership, or otherwise of Defendants, DOES I through XX, and ROE CORPORATIONS I

24  through XX, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.

25  Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated as

26  DOES I through XX and ROE CORPORATIONS I through XX are responsible in some manner

27  for the events and happenings referred to in this action and proximately caused damages to the

28

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

1   Plaintiff as alleged herein.  The legal responsibility of said Defendants DOES I through XX and

2   ROE CORPORATIONS I through XX arises out of, but is not limited to, their status as owners,

3   employees, managers, contractors, and/or installers, etc. and their maintenance, entrustment,

4   construction, installation, and/or service of the premises and/or the subject flooring within the

5   premises, which Defendants, and each of them, were maintaining, controlling, constructing,

6   installing, etc. at the time of the subject injury, or prior to, and/or their agency, master/servant or

7   joint venture relationship with said Defendants.  Plaintiff will ask leave of this Honorable Court to

8   amend this Complaint to insert the true names and capacities of said Defendants, and when the

9   same have been ascertained, to join such Defendants in this action together with the proper

10  charging allegations.

11          6.      Plaintiff is informed and believes and thereupon alleges that at all relevant times,

12  each of the Defendants, including such fictitiously named Defendants, were the agents and

13  employees of each of the remaining Defendants and were at all times mentioned, acting within the

14  course and scope of that agency and employment.  Each of the Defendants authorized and ratified

15  the acts of the remaining Defendants.

16          7.      Defendants are jointly and severally liable for causing and/or contributing to the

17  creation of the subject dangerous condition, to wit: a foreign substance on Defendants' floor, and

18  for causing and/or contributing to Plaintiff's injuries, treatment, and damages pursuant to NRS

19  41.130 and other Nevada law.

20          8.      That all the facts and circumstances that give rise to the subject lawsuit occurred

21  within the County of Clark, State of Nevada.

22                                          **II.**

23                              **STATEMENT OF FACTS**

24          9.      On or around September 8, 2018, Defendants 99 CENTS ONLY STORES, LLC,

25  DOE EMPLOYEE, DOE MANAGER, DOES I through XX, and/or ROE CORPORATIONS I

26  through XX, were the owners and/or operators of a certain 99 CENTS ONLY STORES, LLC

27  located at 3141 N. Rancho Drive, Las Vegas, NV 89130 (hereinafter "the subject premises").

28

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

10.     On or around September 8, 2018, Plaintiff JOAN O'CONNELL (hereinafter Plaintiff O'CONNELL) was a business invitee and/or guest of DEFENDANTS and was legally upon the subject premises at the time of the subject incident complained of herein.

11.     On said date, Plaintiff O'CONNELL was walking down an aisle at the subject premises when she suddenly slipped and fell on an unknown substance.

12.     Upon information and belief, Defendant DOE EMPLOYEE and/or DOE MANAGER caused the liquid substance to be on the floor.

13.     Upon information and belief, Defendant DOE EMPLOYEE and/or DOE MANAGER had notice of the dangerous condition prior to Plaintiff O'CONNELL's fall, but failed to remove the substance and/or place warning signs around said area.

14.     The dangerous condition on the premises caused Plaintiff and another patron to slip and fall.

15.     The incident caused Plaintiff to suffer significant injury and emotional distress.

### III.

### FIRST CAUSE OF ACTION

### *(Negligence, Including Vicarious Liability)*

16.     Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1 through 15 above as if fully set forth herein.

17.     At all times herein relevant, Defendants 99 CENTS ONLY STORES, LLC, DOES I through XX, and/or ROE CORPORATIONS I through XX, were the owners and/or operators of the subject premises.

18.     Upon information and belief, at the time of the subject incident, Defendant DOE EMPLOYEE and DOE MANAGER were working within the course and scope of their employment with Defendant 99 CENTS ONLY STORE. Because Defendant DOE EMPLOYEE and DOE MANAGER were acting within the course and scope of their employment, service, or agency with Defendant 99 CENT ONLY STORE, said Defendants are vicariously liable for the injuries sustained by Plaintiff as alleged above.

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

19.    Defendants owed duties of care to Plaintiff to provide a safe environment and premises, and to take reasonable safety measures in the cleaning, maintenance, stocking, and overall conditions of the floor, equipment displays, products, and general area in and around the subject location of Plaintiff's slip and fall.

20.    Defendants breached their duties of care, including but not limited to the following manners of breach:

a.  Negligently maintaining and/or cleaning the floors, displays, premises, and overall area in and around the produce department and location of the Subject Incident, and/or negligently stocking the bins, shelves, and/or other containers, so as to create a hazardous condition(s) in and around the area of the Subject Incident;

b.  Negligently overseeing, supervising, and providing direction to 99 CENTS STORES, LLC's employees involved in the duties of stocking, cleaning, and maintaining the floors and/or aisles and overall department where Plaintiff's slip and fall occurred, and/or failing to assign a reasonable and sufficient number of employees to perform these duties to ensure that Defendants' premises was reasonably safe and that there were no hazardous conditions on or around the floor;

c.  Failing to stay reasonably and adequately informed and updated about 99 CENTS STORES, LLC's safety measures and precautions to prevent, clean, and remedy debris and hazards on the floor;

d.  Failing to stay reasonably informed and updated about the conditions and needs of the area where Plaintiff' slipped and fell in relation to the reasonableness and adequacy of Defendants' cleaning, maintenance, flooring, stocking, and the reasonableness and adequacy of Defendants' policies, procedures, and safety measures/precautions;

e.  Failing to warn Plaintiff of the presence of said hazardous condition(s).

21.     Defendants' inattentive, careless, and substandard performance of their job duties and responsibilities created an unreasonably hazardous condition for Defendants' customers, including Plaintiff, in the area where Plaintiff fell, over which Plaintiff had no control

22.     As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, aggravating to her general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

23.     As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiff may be required in the future to incur expenses for medical care and treatment.

24.     That Plaintiff has been required to retain the services of MAINOR WIRTH, LLP to prosecute this action and is entitled to reasonable attorney's fees and costs incurred herein.

## IV.

### SECOND CAUSE OF ACTION

*(Negligent Hiring, Training, Supervision, and Retention –*

*Defendant 99 CENTS STORES, LLC)*

25.     Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1 through 24 above as if fully set forth herein.

26.     Defendants 99 CENT ONLY STORE, DOES I through XX, and/or ROE CORPORATIONS I through XX had a duty to exercise due care in the selection, training, supervision, oversight, direction, retention and control of its employees and/or agents, retained to perform and provide services on the subject premises.

27.     Defendants owed a duty to Plaintiff to hire responsible employees who could perform the duties assigned to them and to protect its patrons.

28.     Defendants owed a duty to Plaintiff to have employees working on its premises who were familiar with and knowledgeable of cleaning, maintenance, and sweep procedures.

29.     Defendants breached the above-referenced duty when they negligently, carelessly,

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

1   and recklessly hired, trained, supervised, oversaw, directed and/or retained Defendant DOE

2   EMPLOYEE and/or DOE MANAGER, as well as other employees, who caused a dangerous

3   condition to exist and/or failed to remove such a condition from the premises.

4       30.    Defendants knew or should have known that DOE EMPLOYEE, DOE

5   MANAGER, and/or other unknown employees were unfit for their employment positions and/or

6   that they exhibited dangerous propensities to clean, maintain, and sweep floors on Defendants'

7   premises in a negligent and substandard manner and/or ignore safety measures, policies, and

8   procedures related to the cleaning, maintenance, sweeps and/or stocking of products.

9       31.    As a direct and proximate result of the negligence of Defendants, and each of

10   them, Plaintiff was seriously injured and caused to suffer great pain of body and mind, all or some

11   of which may be permanent and disabling in nature, aggravating to her general and compensatory

12   damages in an amount in excess of Fifteen thousand Dollars ($15,000.00).

13       32.    As a further direct and proximate result of the negligence of Defendants, and each

14   of them, Plaintiff incurred expenses for medical care, treatment and expenses incidental thereto,

15   and Plaintiff may be required in the future to incur expenses for medical care and treatment.

16       33.    That Plaintiff has been required to retain the services of MAINOR WIRTH, LLP

17   to prosecute this action and is entitled to reasonable attorney's fees and costs incurred herein.

18   **PRAYER FOR RELIEF**

19   WHEREFORE, Plaintiff prays judgment of this Court as follows:

20       1.  General and compensatory damages in an amount in excess of $15,000.00;

21       2.  For special damages in excess of $15,000.00;

22       3.  Medical and incidental expenses incurred and to be incurred;

23       4.  Damages for future costs of medical care and treatment and costs incidental

24           thereto;

25       5.  Costs of suit, reasonable attorney fees, interest incurred herein; and

26   ///

27   ///

28

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

1

2       6.  For other and further relief as is just and proper.

3   DATED this 4th day of September, 2020.

4                                           **MAINOR WIRTH, LLP**

5                                           /s/ *Ash Marie Ganier*

6                                           _____
                                            BRADLEY S. MAINOR, ESQ.
7                                           Nevada Bar No.  7434
                                            JOSEPH J. WIRTH, ESQ.
8                                           Nevada Bar No.  10280
                                            ASH MARIE GANIER, ESQ.
9                                           Nevada Bar No. 14712
                                            TAELOR S. EVANS, ESQ.
10                                          Nevada Bar No. 14704
                                            6018 S. Fort Apache, Ste. 150
11                                          Las Vegas, NV  89148
                                            *Attorneys for Plaintiff*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

Electronically Filed
10/1/2020 1:35 PM
Steven D. Grierson
CLERK OF THE COURT

1  **ANS**
**LEW BRANDON, JR., ESQ.**
2  Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
3  Nevada Bar No. 12758
**SARA PASQUALE, ESQ.**
4  Nevada Bar No. 14412
5  **BRANDON | SMERBER LAW FIRM**
139 E. Warm Springs Road
6  Las Vegas, Nevada 89119
(702) 380-0007
7  (702) 380-2964 – *facsimile*
8  *l.brandon@bsnv.law*
*a.guzik@bsnv.law*
9  *s.pasquale@bsnv.law*
*Attorneys for Defendant,*
10  *99 CENTS ONLY STORES LLC*

11

12  **DISTRICT COURT**
**CLARK COUNTY, NEVADA**

13  JOAN O'CONNELL, individually,

14

15             Plaintiff,          CASE NO.:  A-20-820730-C
DEPT. NO.: 28
16  vs.

17

18  99 CENTS ONLY STORES, LLC, a
Foreign Limited-Liability Company;
19  DOE EMPLOYEE, individually; DOE
MANAGER, individually; DOES I-
20  XX, inclusive; and ROE
21  CORPORATIONS, I-XX, inclusive,

22             Defendants.

23

24  <u>**DEFENDANT, 99 CENTS ONLY STORES LLC'S ANSWER TO PLAINTIFF'S**</u>
<u>**COMPLAINT**</u>

25

26       COMES NOW, Defendant, 99 CENTS ONLY STORES LLC., by and through its

27  attorneys, LEW BRANDON, JR., ESQ., ANDREW GUZIK, ESQ., and SARA PASQUALE,

28

ESQ., of BRANDON | SMERBER LAW FIRM, and hereby answers Plaintiff's Complaint on file herein as follows:

1.      Answering Paragraphs 1, 3, 4, 5, 6, 8, 9, 10, and 11, of Plaintiff's Complaint on file herein, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the said allegations and therefore denies same.

2.      Answering Paragraph 2 of Plaintiff's Complaint on file herein, Defendant admits the allegations contained therein.

3.      Answering Paragraphs 7, 12, 13, 14 and 15 of Plaintiff's Complaint on file herein, Defendant denies each and every allegation contained therein.

### III.

### FIRST CAUSE OF ACTION

#### *(Negligence, Including Vicarious Liability)*

4.      Answering Paragraph 16 of Plaintiff's Complaint on file herein, Defendant repeats and realleges each and every allegation contained in Paragraphs 1 through 15 as though fully set forth herein.

5.      Answering Paragraphs 17, 18 and 19 of Plaintiff's Complaint on file herein, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the said allegations and therefore denies same.

6.      Answering Paragraphs 21, 22, 23, and 24 of Plaintiff's Complaint on file herein, Defendant denies each and every allegation contained therein.  Answering Paragraph 20 (subsections a., b., c., d.,), Defendant denies each and every allegation contained therein.  As to Paragraph 20 (subsection e.,), Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the said allegations and therefore denies same.

///

## IV.

## SECOND CAUSE OF ACTION

### *(Negligent Hiring, Training, Supervision, and Retention –*

### *Defendant 99 CENTS STORES, LLC)*

7.      Answering Paragraph 25 of Plaintiff's Complaint on file herein, Defendant repeats and realleges each and every allegation contained in Paragraphs 1 through 24 as though fully set forth herein.

8.      Answering Paragraphs 26, 27 and 28 of Plaintiff's Complaint on file herein, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the said allegations and therefore denies same.

9.      Answering Paragraphs 29, 30, 31, 32 and 33 of Plaintiff's Complaint on file herein, Defendant denies each and every allegation contained therein.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that at the time and place alleged in Plaintiff's Complaint, Plaintiff did not exercise ordinary care, caution or prudence for the protection of herself and any damages complained of by the Plaintiff in her Complaint, were directly or proximately caused or contributed to by the fault, failure to act, carelessness and negligence of Plaintiff.

///

///

**THIRD AFFIRMATIVE DEFENSE**

Defendant alleges that the Plaintiff assumed whatever risk or hazard existed at the time of this incident, if any there were, and was therefore responsible for the alleged damage suffered and further that the Plaintiff was guilty of negligence of her own acts which caused or contributed to by the fault, failure to act, carelessness or negligence of Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

All the risks and dangers involved in the factual situation described in Plaintiff's Complaint, if any there were, were open, obvious and known to the Plaintiff and by reason thereof, Plaintiff assumed the risks and dangers inherent thereto.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant alleges that the negligence of the Plaintiff exceeded that of the Defendant, and that the Plaintiff is thereby barred from recovery.

**SIXTH AFFIRMATIVE DEFENSE**

Pursuant to NRCP 11, as amended:  All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and therefore, Defendant reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants.

**SEVENTH AFFIRMATIVE DEFENSE**

The damages sustained by Plaintiff, if any, were caused by the acts of third persons who were not agents, servants or employees of this answering Defendant and who were not acting on behalf of this answering Defendant in any manner or form and as such, this Defendant is not liable in any matter to the Plaintiff.

///

BRANDON | SMERBER
LAW FIRM

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

### EIGHTH AFFIRMATIVE DEFENSE

Defendant at all times relevant to the allegations contained in Plaintiff's Complaint, acted with due care and circumspection in the performance of any and all duties imposed on it.

### NINTH AFFIRMATIVE DEFENSE

That it has been necessary of the Defendant to employ the services of an attorney to defend the action and a reasonable sum should be allowed Defendant for attorney's fees, together with costs of suit incurred herein.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her alleged damages, and, to the extent of such failure to mitigate any damages awarded to Plaintiff, should be reduced accordingly.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by applicable statutes of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant objects as to authentication, foundation and genuineness of all of Plaintiff's medical providers and documents listed or presented by Plaintiff.

WHEREFORE, Defendant, 99 CENTS ONLY STORES LLC., prays as follows:

1. That Plaintiff take nothing by way of her Complaint on file herein;

2. For reasonable attorney's fees and costs of suit incurred herein;

///

///

///

///

///

BRANDON | SMERBER
LAW FIRM

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

3. For such other and further relief as the Court may deem just and proper in the premises.

    DATED this 1st day of October, 2020.

**BRANDON │ SMERBER LAW FIRM**

    */s/ Lew Brandon, Jr., Esq.*
    **LEW BRANDON, JR., ESQ.**
    Nevada Bar No. 5880
    **ANDREW GUZIK, ESQ.**
    Nevada Bar No. 12758
    **SARA PASQUALE, ESQ.**
    Nevada Bar No. 14412
    139 E. Warm Springs Road
    Las Vegas, Nevada 89119
    (702) 384-8424
    (702) 384-6568 - *facsimile*
    *Attorneys for Defendant,*
    *99 CENTS ONLY STORES LLC*

**<u>CERTIFICATE OF SERVICE</u>**

    Pursuant to NRCP 5(b), I hereby certify that on the 1st day of October, 2020, I served the foregoing **DEFENDANT, 99 CENTS ONLY STORES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** through the Court's ECF electronic filing system, upon the following:

**BRADLEY S. MAINOR, ESQ.**
Nevada Bar No. 7434
**JOSEPH J. WIRTH, ESQ.**
Nevada Bar No. 1020
**ASH MARIE GANIER, ESQ.**
Nevada Bar No. 14712
**TAELOR S. EVANS, ESQ.**
Nevada Bar No. 14704
**MAINOR WIRTH, LLP**
6018 S. Fort Apache Road, Ste. 150
Las Vegas, Nevada 89148-5652
(702) 464-5000
Facsimile (702) 463-4440
*ash@mwinjury.com*
*taelor@mwinjury.com*
*Attorneys for Plaintiff,*
JOAN O'CONNELL

    */s/ Bonita Alexander*
    An Employee of BRANDON │ SMERBER LAW FIRM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IAFD**
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**SARA PASQUALE, ESQ.**
Nevada Bar No. 14412
**BRANDON | SMERBER LAW FIRM**
139 E. Warm Springs Road
Las Vegas, Nevada 89119
(702) 380-0007
(702) 380-2964 – *facsimile*
*l.brandon@bsnv.law*
*a.guzik@bsnv.law*
*s.pasquale@bsnv.law*
*Attorneys for Defendant,*
*99 CENTS ONLY STORES LLC*

**BRANDON | SMERBER**
**LAW FIRM**
139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

JOAN O'CONNELL, individually,

       Plaintiff,

vs.

99 CENTS ONLY STORES, LLC, a
Foreign Limited-Liability Company;
DOE EMPLOYEE, individually; DOE
MANAGER, individually; DOES I-
XX, inclusive; and ROE
CORPORATIONS, I-XX, inclusive,

      Defendants.

CASE NO.:  A-20-820730-C
DEPT. NO.: 28

**INITIAL APPEARANCE FEE DISCLOSURE**
**(NRS CHAPTER 19)**

      Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted

for parties appearing in the above-entitled action as indicated below:

      Defendant 99 CENTS ONLY STORES LLC               $223.00

**TOTAL REMITTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $223.00**

DATED this 1st day of October, 2020.

**BRANDON | SMERBER LAW FIRM**

*/s/ Lew Brandon, Jr., Esq.*
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**SARA PASQUALE, ESQ.**
Nevada Bar No. 14412
139 East Warm Springs Road
Las Vegas, Nevada 89119
*Attorneys for Defendant,*
*99 CENTS ONLY STORES LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Nev. R. Civ. P. 5(b), I certify that on the 1st day of October, 2020, I served a true and correct copy of the foregoing **INITIAL APPEARANCE FEE DISCLOSURE (NRS CHAPTER 19)** through the Court's ECF electronic filing system, upon the following:

**BRADLEY S. MAINOR, ESQ.**
Nevada Bar No. 7434
**JOSEPH J. WIRTH, ESQ.**
Nevada Bar No. 1020
**ASH MARIE GANIER, ESQ.**
Nevada Bar No. 14712
**TAELOR S. EVANS, ESQ.**
Nevada Bar No. 14704
**MAINOR WIRTH, LLP**
6018 S. Fort Apache Road, Ste. 150
Las Vegas, Nevada 89148-5652
(702) 464-5000
Facsimile (702) 463-4440
*ash@mwinjury.com*
*taelor@mwinjury.com*
*Attorneys for Plaintiff,*
JOAN O'CONNELL

*/s/ Bonita Alexander*
An Employee of BRANDON | SMERBER LAW FIRM

Electronically Filed
10/1/2020 1:38 PM
Steven D. Grierson
CLERK OF THE COURT

1  **DMJT**
**LEW BRANDON, JR., ESQ.**
2  Nevada Bar No. 5880
3  **ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
4  **SARA PASQUALE, ESQ.**
Nevada Bar No. 14412
5  **BRANDON | SMERBER LAW FIRM**
6  139 E. Warm Springs Road
Las Vegas, Nevada 89119
7  (702) 380-0007
(702) 380-2964 – *facsimile*
8  *l.brandon@bsnv.law*
*a.guzik@bsnv.law*
9  *s.pasquale@bsnv.law*
10  *Attorneys for Defendant,*
*99 CENTS ONLY STORES LLC*
11

12                    **DISTRICT COURT**
                   **CLARK COUNTY, NEVADA**
13

14  JOAN O'CONNELL, individually,

15          Plaintiff,                    CASE NO.:  A-20-820730-C
                                          DEPT. NO.: 28
16  vs.

17
    99 CENTS ONLY STORES, LLC, a
18  Foreign Limited-Liability Company;
    DOE EMPLOYEE, individually; DOE
19  MANAGER, individually; DOES I-
    XX, inclusive; and ROE
20  CORPORATIONS, I-XX, inclusive,
21
            Defendants.
22

23
                    **DEMAND FOR JURY TRIAL**
24

25         COMES NOW, Defendant 99 CENTS ONLY STORES LLC, by and through its

26  attorneys of record, LEW BRANDON, JR., ESQ., ANDREW GUZIK, ESQ., and SARA

27  PASQUALE, ESQ., of the BRANDON | SMERBER LAW FIRM, and hereby demands a Jury

28  ///

1   Trial in the above-entitled action.

2          DATED this 1st day of October, 2020.

3                                              **BRANDON | SMERBER LAW FIRM**

4
                                                */s/ Lew Brandon, Jr., Esq.*
5                                               **LEW BRANDON, JR., ESQ.**
                                                Nevada Bar No. 5880
6                                               **ANDREW GUZIK, ESQ.**
                                                Nevada Bar No. 12758
7                                               **SARA PASQUALE, ESQ.**
                                                Nevada Bar No. 14412
8                                               139 East Warm Springs Road
                                                Las Vegas, Nevada 89119
9                                               *Attorneys for Defendant,*
                                                *99 CENTS ONLY STORES LLC*
10

11                          **CERTIFICATE OF SERVICE**

12

13          Pursuant to Nev. R. Civ. P. 5(b), I certify that on the 1st day of October, 2020, I served a

14   true and correct copy of the foregoing **DEMAND FOR JURY TRIAL** through the Court's ECF

15   electronic filing system, upon the following:

16
     **BRADLEY S. MAINOR, ESQ.**
17   Nevada Bar No. 7434
     **JOSEPH J. WIRTH, ESQ.**
18   Nevada Bar No. 1020
     **ASH MARIE GANIER, ESQ.**
19   Nevada Bar No. 14712
     **TAELOR S. EVANS, ESQ.**
20   Nevada Bar No. 14704
     **MAINOR WIRTH, LLP**
21   6018 S. Fort Apache Road, Ste. 150
     Las Vegas, Nevada 89148-5652
22   (702) 464-5000
     Facsimile (702) 463-4440
23   *ash@mwinjury.com*
     *taelor@mwinjury.com*
24   *Attorneys for Plaintiff,*
     JOAN O'CONNELL
25

26

27                                             */s/ Bonita Alexander*
                                               An Employee of BRANDON | SMERBER LAW FIRM
28

Electronically Filed
10/1/2020 1:41 PM
Steven D. Grierson
CLERK OF THE COURT

**DSST**
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**SARA PASQUALE, ESQ.**
Nevada Bar No. 14412
**BRANDON | SMERBER LAW FIRM**
139 E. Warm Springs Road
Las Vegas, Nevada 89119
(702) 380-0007
(702) 380-2964 – *facsimile*
*l.brandon@bsnv.law*
*a.guzik@bsnv.law*
*s.pasquale@bsnv.law*
*Attorneys for Defendant,*
*99 CENTS ONLY STORES LLC*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| JOAN O'CONNELL, individually,<br><br>Plaintiff,<br><br>vs.<br><br>99 CENTS ONLY STORES, LLC, a Foreign Limited-Liability Company; DOE EMPLOYEE, individually; DOE MANAGER, individually; DOES I-XX, inclusive; and ROE CORPORATIONS, I-XX, inclusive,<br><br>Defendants. | CASE NO.:  A-20-820730-C<br>DEPT. NO.: 28 |

**DISCLOSURE STATEMENT PURSUANT TO NRCP 7.1**

The undersigned counsel of record for Defendant, 99 CENTS ONLY STORES LLC, hereby certifies that to their knowledge, Defendant, 99 CENTS ONLY STORES LLC, is a limited liability company with no publicly held company owning ten percent (10%) or more of 99 CENTS ONLY STORES LLC.

*(margin, left side:)* BRANDON | SMERBER LAW FIRM  139 E. WARM SPRINGS RD.  LAS VEGAS, NEVADA 89119  T: 702.380.0007 | F: 702.380.2964

1   There are no other known interested parties other than those identified.

2      DATED this 1st day of October, 2020.

3                                          BRANDON | SMERBER LAW FIRM

4

5                                          /s/ Lew Brandon, Jr. Esq.
                                           **LEW BRANDON, JR., ESQ.**
6                                          Nevada Bar No. 5880
                                           **ANDREW GUZIK, ESQ.**
7                                          Nevada Bar No. 12758
                                           **SARA PASQUALE, ESQ.**
8                                          Nevada Bar No. 14412
                                           139 E. Warm Springs Road
9                                          Las Vegas, Nevada 89119
                                           *Attorneys for Defendant,*
10                                         *99 CENTS ONLY STORES, LLC*

11

12                          **CERTIFICATE OF SERVICE**

13      I hereby certify that on the 1st day of October, 2020, I served a copy of the foregoing

14

15  **DISCLOSURE STATEMENT PURSUANT TO NRCP 7.1** through the Court's ECF

16  electronic filing system, upon the following:

17  **BRADLEY S. MAINOR, ESQ.**
    Nevada Bar No. 7434
18  **JOSEPH J. WIRTH, ESQ.**
    Nevada Bar No. 1020
19  **ASH MARIE GANIER, ESQ.**
    Nevada Bar No. 14712
20  **TAELOR S. EVANS, ESQ.**
    Nevada Bar No. 14704
21  **MAINOR WIRTH, LLP**
22  6018 S. Fort Apache Road, Ste. 150
    Las Vegas, Nevada 89148-5652
23  (702) 464-5000
    Facsimile (702) 463-4440
24  *ash@mwinjury.com*
25  *taelor@mwinjury.com*
    *Attorneys for Plaintiff,*
26  JOAN O'CONNELL

27

28                                         /s/ Bonita Alexander
                                           An Employee of Brandon | Smerber Law Firm

BRANDON | SMERBER LAW FIRM

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

Electronically Filed
10/1/2020 1:40 PM
Steven D. Grierson
CLERK OF THE COURT

**CSRE**
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**SARA PASQUALE, ESQ.**
Nevada Bar No. 14412
**BRANDON | SMERBER LAW FIRM**
139 E. Warm Springs Road
Las Vegas, Nevada 89119
(702) 380-0007
(702) 380-2964 – *facsimile*
*l.brandon@bsnv.law*
*a.guzik@bsnv.law*
*s.pasquale@bsnv.law*
*Attorneys for Defendant,*
*99 CENTS ONLY STORES LLC*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

JOAN O'CONNELL, individually,

      Plaintiff,

vs.

99 CENTS ONLY STORES, LLC, a
Foreign Limited-Liability Company;
DOE EMPLOYEE, individually; DOE
MANAGER, individually; DOES I-
XX, inclusive; and ROE
CORPORATIONS, I-XX, inclusive,

      Defendants.

CASE NO.:  A-20-820730-C
DEPT. NO.: 28

## CONSENT TO SERVICE BY ELECTRONIC MEANS THROUGH E-FILING PROGRAM

      The undersigned parties hereby consent to service of documents by electronic means through the Court's E-filing program on behalf of the following parties: 99 CENTS ONLY STORES LLC.

Documents served by electronic means must be transmitted to the following persons at the e-mail addresses listed: l.brandon@bsnv.law; a.guzik@bsnv.law; and s.pasquale@bsnv.law.

It is my understanding that the attachments may be transmitted to the program in any format and will be converted to a PDF file before service is effected.

The undersigned also acknowledges that this Consent does not require service by electronic means unless the serving party elects to do so.

DATED this 1st day of October, 2020.

BRANDON | SMERBER LAW FIRM

/s/ Lew Brandon, Jr., Esq.
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**SARA PASQUALE, ESQ.**
Nevada Bar No. 14412
139 East Warm Springs Road
Las Vegas, Nevada 89119
*Attorneys for Defendant,*
*99 CENTS ONLY STORES LLC*

///
///
///
///
///
///
///
///
///

**CERTIFICATE OF SERVICE**

Pursuant to Nev. R. Civ. P. 5(b), I certify that on the 1st day of October, 2020, I served a true and correct copy of the foregoing **CONSENT TO SERVICE BY ELECTRONIC MEANS THROUGH E-FILING PROGRAM** through the Court's ECF electronic filing system, upon the following:

**BRADLEY S. MAINOR, ESQ.**
Nevada Bar No. 7434
**JOSEPH J. WIRTH, ESQ.**
Nevada Bar No. 1020
**ASH MARIE GANIER, ESQ.**
Nevada Bar No. 14712
**TAELOR S. EVANS, ESQ.**
Nevada Bar No. 14704
**MAINOR WIRTH, LLP**
6018 S. Fort Apache Road, Ste. 150
Las Vegas, Nevada 89148-5652
(702) 464-5000
Facsimile (702) 463-4440
*ash@mwinjury.com*
*taelor@mwinjury.com*
*Attorneys for Plaintiff,*
JOAN O'CONNELL

*/s/ Bonita Alexander*
An Employee of BRANDON | SMERBER LAW FIRM

BRANDON | SMERBER
LAW FIRM

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

Electronically Filed
10/1/2020 1:43 PM
Steven D. Grierson
CLERK OF THE COURT

1  **REQT**
**LEW BRANDON, JR., ESQ.**
2  Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
3  Nevada Bar No. 12758
**SARA PASQUALE, ESQ.**
4  Nevada Bar No. 14412
**BRANDON | SMERBER LAW FIRM**
5  139 E. Warm Springs Road
Las Vegas, Nevada 89119
6  (702) 380-0007
(702) 380-2964 – *facsimile*
7  *l.brandon@bsnv.law*
*a.guzik@bsnv.law*
8  *s.pasquale@bsnv.law*
9  *Attorneys for Defendant,*
*99 CENTS ONLY STORES LLC*
10

11

12  **DISTRICT COURT**
**CLARK COUNTY, NEVADA**
13

14  JOAN O'CONNELL, individually,

15       Plaintiff,        CASE NO.:  A-20-820730-C
DEPT. NO.: 28
16  vs.

17

18  99 CENTS ONLY STORES, LLC, a
Foreign Limited-Liability Company;
19  DOE EMPLOYEE, individually; DOE
MANAGER, individually; DOES I-
20  XX, inclusive; and ROE
CORPORATIONS, I-XX, inclusive,
21

22       Defendants.

23

24  **NRCP 16.1(a)(1)(C) REQUEST FOR COMPUTATION OF DAMAGES AND**
**DISCLOSURE OF SUPPORTING DOCUMENTS AND NRCP 16.1(a)(1)(A)(iii)**
25  **REQUEST FOR MEDICAL PROVIDER IDENTITY**

26       Pursuant to NRCP 16.1(a)(1)(C), Defendant 99 CENTS ONLY STORES LLC, hereby

27  requests that Plaintiff JOAN O'CONNELL provide within thirty (30) days of this Request,

28  computation of any and all categories of damages claimed by Plaintiff, including making available

BRANDON | SMERBER
LAW FIRM

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007  |  F: 702.380.2964

1   for inspection and copying as under Rule 34, the documents or other evidentiary matter not

2   privileged or protected from disclosure on which such computation is based, including materials

3   bearing on the nature and extent of injuries suffered.

4           DATED this 1st day of October, 2020.

5

6                                           **BRANDON | SMERBER LAW FIRM**

7                                           */s/ Lew Brandon, Jr., Esq.*
                                            **LEW BRANDON, JR., ESQ.**
8                                           Nevada Bar No. 5880
                                            **ANDREW GUZIK, ESQ.**
9                                           Nevada Bar No. 12758
                                            **SARA PASQUALE, ESQ.**
10                                          Nevada Bar No. 14412
                                            139 East Warm Springs Road
11                                          Las Vegas, Nevada 89119
                                            *Attorneys for Defendant,*
12                                          *99 CENTS ONLY STORES, LLC*

13

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

**CERTIFICATE OF SERVICE**

Pursuant to Nev. R. Civ. P. 5(b), I certify that on the 1st day of October, 2020, I served a true and correct copy of the foregoing **NRCP 16.1(a)(1)(C) REQUEST FOR COMPUTATION OF DAMAGES AND DISCLOSURE OF SUPPORTING DOCUMENTS AND NRCP 16.1(a)(1)(A)(iii) REQUEST FOR MEDICAL PROVIDER IDENTITY** through the Court's ECF electronic filing system, upon the following:

**BRADLEY S. MAINOR, ESQ.**
Nevada Bar No. 7434
**JOSEPH J. WIRTH, ESQ.**
Nevada Bar No. 1020
**ASH MARIE GANIER, ESQ.**
Nevada Bar No. 14712
**TAELOR S. EVANS, ESQ.**
Nevada Bar No. 14704
**MAINOR WIRTH, LLP**
6018 S. Fort Apache Road, Ste. 150
Las Vegas, Nevada 89148-5652
(702) 464-5000
Facsimile (702) 463-4440
*ash@mwinjury.com*
*taelor@mwinjury.com*
*Attorneys for Plaintiff,*
JOAN O'CONNELL

*/s/ Bonita Alexander*
An Employee of BRANDON | SMERBER LAW FIRM

Electronically Filed
10/21/2020 10:18 AM
Steven D. Grierson
CLERK OF THE COURT

**PET**
BRADLEY S. MAINOR, ESQ.
Nevada Bar No. 7434
JOSEPH J. WIRTH, ESQ.
Nevada Bar No. 10280
ASH MARIE GANIER, ESQ.
Nevada Bar No. 14712
TAELOR S. EVANS, ESQ.
Nevada Bar No. 14704
**MAINOR WIRTH, LLP**
6018 S. Fort Apache Road, Ste. 150
Las Vegas, NV 89148-5652
Tel:  (702) 464-5000
Fax:  (702) 463-4440
ash@mwinjury.com
*Counsel for Plaintiff*

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JOAN O'CONNELL, individually, | CASE NO.:    A-20-820730-C |
| | DEPT. NO.:    28 |
| Plaintiff, | |
| vs. | |
| | **PETITION FOR EXEMPTION FROM ARBITRATION** |
| 99 CENTS ONLY STORES, LLC, a Foreign Limited- Liability Company; DOE EMPLOYEE, individually; DOE MANAGER, individually; DOES I-XX, inclusive; and ROE CORPORATIONS, I-XX, inclusive, | |
| Defendants. | |

Plaintiff, JOAN O'CONNELL, by and through her counsel of record, BRADLEY S. MAINOR, ESQ., JOSEPH J. WIRTH, ESQ. ASH MARIE GANIER, ESQ. and TAELOR S. EVANS, ESQ., of MAINOR WIRTH, LLP, pursuant to Nevada Arbitration Rules 3 and 5, hereby request that the above-entitled matter be exempted from the mandatory arbitration program, as this case involves an amount in excess of $50,000.00, exclusive of costs and interests.

The following is a specific summary of the facts which support this request from exemption.

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

## I.

### FACTS

On or around September 8, 2018, Plaintiff JOAN O'CONNELL (hereinafter Plaintiff O'CONNELL) was a business invitee Defendant 99 CENTS ONLY STORES, LLC's ("99 CENT ONLY STORE") establishment located at 3141 N. Rancho Drive, Las Vegas, NV 89130.

Plaintiff O'CONNELL was walking down an aisle at the subject premises when she suddenly slipped and fell on an unknown substance. Upon information and belief Defendant DOE EMPLOYEE and/or DOE MANAGER caused the liquid substance to be on the floor. Upon information and belief, Defendant DOE EMPLOYEE and/or DOE MANAGER had notice of the dangerous condition prior to Plaintiff O'CONNELL's fall but failed to remove the substance and/or place warning signs around said area. The dangerous condition on the premises caused Plaintiff and another patron to slip and fall.

As a result of the subject accident, Plaintiff O'CONNELL suffered great pain of body and mind.

## II.

### DAMAGES

To date, Joan has incurred the following medical expenses in connection with the subject accident:

| No. | Provider | Date(s) of Service | Expense |
|-----|----------|--------------------|---------|
| 01. | Medic West Ambulance | 09/08/2018 | $1,197.30 |
| 02. | UMC Hospital | 09/08/2018 | $66,402.69 |
| 03. | EMP of Clark UMC | 09/08/2018 | $946.20 |
| 04. | Desert Radiology | 09/08/2018 – 09/10/2018 | $859.02 |
| 05. | Palmeira Home + Health | 09/19/2018 – 10/03/2018 | TBD |
| 06. | Dempsey, M.D., Andrea | 09/10/2018- 12/11/2019 | $1,305.00 |
| 07. | Desert Orthopaedic Center | 10/24/2018 – 11/09/2018 | $959.00 |

| 08. | Kelley Hawkins Physical Therapy | 01/08/2019 – 02/08/2019 | $3,719.00 |
|---|---|---|---|
| 09. | Fabito, M.D., Daniel | 01/14/2020 – 02/12/2020 | $2,775.02 |
| | **TOTAL:** | | **$ 78,163.23** |

These damages do not include past or future pain and suffering.

### III.

### <u>CONCLUSION</u>

Based on the foregoing, Plaintiff requests that this matter be exempted from Nevada's non-binding arbitration program as its pain and suffering damages exceed the $50,000.00 statutory minimum required for exemption.

I hereby certify, pursuant to N.R.C.P. 11, this case to be within the exemption marked above, and I am aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

DATED this <u>21</u><sup>st</sup> day of October, 2020.

**MAINOR WIRTH, LLP**

*/s/ Taelor Evans*
_____
ASH MARIE GANIER, ESQ.
Nevada Bar No. 14712
TAELOR S. EVANS, ESQ.
Nevada bar No. 14704
6018 S. Fort Apache Road, Ste. 150
Las Vegas, NV 89148-5652
*Counsel for Plaintiff*

**MAINOR WIRTH, LLP**
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), the amendment to EDCR 7.26 and Administrative Order 14-2, I hereby certify that on the 21st day of October, 2020, I caused a true and correct copy of the foregoing **PETITION FOR EXEMPTION FROM ARBITRATION** to be served electronically, to all parties with an email address on record, as follows:

Lew Brandon, Jr., Esq.
BRANDON SMERBER LAW FIRM
139 E. warm Springs Road
Las Vegas, NV 89119
*Attorney for Defendant*

/s/ Lindsay Hayes
An Employee of **MAINOR WIRTH, LLP**